570 So.2d 36 (1990)
Norman J. FRANCIONI, et al.
v.
Sterling R. RAULT, Sr., et al.
No. 89-CA-1378.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1990.
Rehearing Denied December 13, 1990.
Writ Denied February 8, 1991.
David R. Paddison, Covington, for plaintiffs.
John M. Holahan, Jr., Gerald Martin Warren, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants.
Michael R. Sistrunk, Terrill W. Boykin, Thomas Anzelmo, McGlinchey, Stafford, Cellini & Lang, New Orleans, for defendant, Nat. Union Fire Ins. Co.
Charles A. Boggs, Terry B. Deffes, Boggs, Loehn & Rodrigue, New Orleans, for defendants, Louisiana Energy Development Corp., Louisiana State Gas, and Commercial Union Ins. Co.
Before CIACCIO, WILLIAMS and BECKER, JJ.
WILLIAMS, Judge.
This is a wrongful death action resulting from the murder of the decedent by her co-worker. The issue is whether the Louisiana Energy and Development Company can be held vicariously liable for the intentional torts of its employee, Sterling Rault, against his co-employee, Jane Ellen Francioni. We affirm the granting of summary judgment, dismissing the claim in tort against the employer and its insurer.

*37 FACTS
Jane Francioni was employed as a clerk-typist by Louisiana Energy Development Corporation (LEDCO). She worked in the same office as Sterling Rault, who had been hired in August of 1981 as an assistant comptroller. Both worked under Elaine Pritchard who supervised the accounting office. At approximately 5:30 p.m. on March 1, 1982, Francioni left the office with Rault in her car and drove with him to the campus of the University of New Orleans, where he was attending an accounting review course. Approximately four hours later, at 9:30 p.m., Francioni's body was found near I-10 in New Orleans East. Sterling Rault was subsequently charged with the kidnapping, rape and murder of Jane Francioni. He was convicted, sentenced to death and executed by the State of Louisiana.
Jane Francioni's parents subsequently filed this suit for the wrongful death of their daughter. Among the defendants were the decedent's employer, LEDCO, and its subsidiary, Louisiana State Gas, LEDCO's insurer, Commercial Union Insurance Company, and LEDCO's excess insurer, National Union Fire Insurance Company. These defendants, appellees herein, filed a motion for summary judgment arguing that plaintiffs' exclusive remedy is in worker's compensation. Judge Steven Plotkin granted the motion in part, dismissing all claims based on negligence, but denied the motion on the issue of the vicarious liability of LEDCO for the intentional acts of its employee, Sterling Rault. After further discovery, LEDCO re-urged its motion on the issue of vicarious liability, but the motion was again denied by Judge Plotkin.
When Judge Plotkin was elected to the Fourth Circuit Court of Appeal, the case was reassigned to Judge Tobias. LEDCO re-urged its motion for summary judgment. Judge Tobias found that Rault was not acting within the course and scope of his employment at the time of the murder. Therefore, Judge Tobias dismissed the action in tort against LEDCO, Louisiana State Gas, Commercial Union and National Union Fire Insurance. Plaintiffs appeal.
Plaintiffs assign as error 1) the granting of a motion for summary judgment, which motion was twice denied by the same court, and 2) the finding that Sterling Rault was not within the course and scope of his employment when he committed an intentional tort against Jane Ellen Francioni.

1) Re-Urging of Motion for Summary Judgment

Plaintiffs argue that, in the absence of additional evidence, the trial court erred in granting a summary judgment which had been previously denied by another trial court judge. We disagree.
Judge Tobias clearly considered the previous denial of the appellees' motion for summary judgment. After acknowledging that the rules of the Civil District Court discourage judges from second-guessing other judges of the same court, Judge Tobias concludes in his reasons for judgment:
"However, this court cannot, given the number of witnesses that may be called, the length and expense involved in litigating this case, and the very strong documentation attached to the motion for summary judgment, let this case go to trial. No material issue of fact exists."
Plaintiffs have failed to persuade this court of any procedural bar to the re-urging of the motion for summary judgment. Judge Tobias is not bound by the previous ruling of Judge Plotkin. The previous denial of the motion for summary judgment by Judge Plotkin does not constitute res judicata and does not have the authority of the thing adjudged: it is a non-appealable interlocutory judgment. See Portier v. Thrifty Way Pharmacy, 476 So.2d 1132 (La.App. 3rd Cir.1985); Arnold v. Stupp Corporation, 249 So.2d 276 (La.App. 1st Cir.1971). We find no error in Judge Tobias' ruling on the motion for summary judgment.

2) Recovery in Tort

Plaintiffs argue that Rault murdered Francioni because she discovered that he was embezzling funds from LEDCO. Further, they allege that it was the nature of Rault's employment that facilitated *38 and permitted him to accomplish his embezzlement scheme. Under these circumstances, plaintiffs argue, they are entitled to recovery in tort against LEDCO.
In order for an employer to be vicariously liable for the tortious acts of its employee, the tortious conduct must be so closely connected in time, place and causation to the employment duties as to be regarded as a risk of harm fairly attributable to the employer's business. LeBrane v. Lewis, 292 So.2d 216 (La.1974).
In LeBrane, an employer was held vicariously liable for the stabbing of an employee by his supervisor. After the employee, a kitchen helper, arrived late for work, he was told by his supervisor to take the rest of the day off and to get a haircut. Despite several warnings from his supervisor, the employee refused to leave the employment premises. The employee was fired. As the supervisor escorted the employee off the premises, the two got into a heated argument which culminated in the supervisor stabbing the employee.
The Supreme Court noted that in discharging the recalcitrant employee, the supervisor was acting within the course and scope of his employment. The dispute which erupted into violence was primarily employment-rooted: it was reasonably incidental to the performance of the supervisor's duties in firing the employee and escorting him off the employment premises. The final stabbing occurred on the employment premises and during the hours of employment.
The tortious conduct involved herein occurred entirely outside of the employment premises and working hours. Jane Ellen Francioni voluntarily left the employment premises with Sterling Rault at approximately 5:30 p.m. on March 1, 1982. The record contains the affidavit of Francioni's co-employee, Patricia Doming, stating that Francioni and Rault waved good-bye as they left the employment premises and that Francioni had on at least one prior occasion given Rault a ride to the campus of the University of New Orleans. Plaintiffs have failed to contradict this affidavit with competent evidence. In addition, the first injury to decedent occurred far from the employment premises at the campus of the University of New Orleans, and ended in New Orleans East with the decedent's murder.
More important than the time and location of the acts is the fact that, at the time of the murder, Rault was not in the course of carrying out his employment duties.
Plaintiffs argue that Francioni was murdered because she discovered that Rault had been embezzling from LEDCO and the murder of Francioni was merely the final act in Rault's embezzlement scheme in which she had unwittingly become involved in because of Rault's position as her superior at LEDCO. Additionally, Rault was attending the course at UNO at the request of his employer. Under these circumstances, plaintiffs argue, LEDCO is vicariously liable for Rault's acts against Francioni. We reject this argument.
Rault's embezzlement was not actuated by the discharge of his employment duties: Rault's function as an accountant with LEDCO did not entail embezzlement. Thus, even if the murder was rooted in the embezzlement, it was not employment-rooted. Further, even if Rault were taking the course at UNO at the request of his employer, it cannot be said to be the root of Rault's intentional acts against Francioni. This argument is in sharp contrast to the employment-rooted situation in LeBrane v. Lewis, supra, where the employee was stabbed by the supervisor during an argument which ensued after the supervisor fired the employee. The incidents herein are employment-related only in that Francioni and Rault met through their mutual employment at LEDCO and in that Francioni discovered Rault's embezzlement because of their mutual employment. These facts alone are insufficient to allow imposition of vicarious liability upon LEDCO for the tortious acts of Rault. Rault's conduct was motivated by purely personal considerations entirely extraneous to the employer's interests.
Plaintiffs further argue that the nature of Rault's employment facilitated the embezzlement. Whether Rault's employment *39 facilitated the embezzlement does not bear on the issue herein, i.e., whether Rault was acting within the course and scope of his employment.
We find that the tortious conduct of Sterling Rault was not so closely connected in time, place, and causation to his employment-duties as to be regarded as a risk of harm fairly attributable to the employer's business. Rault's conduct was clearly motivated by purely personal considerations entirely extraneous to the employer's interests. The judgment of the trial court is affirmed.
AFFIRMED.