598 So.2d 702 (1992)
Joseph and Deborah YOUNG, Plaintiffs-Appellants,
Homco International and CNA Insurance Company, Intervenors-Appellants,
v.
LYONS PETROLEUM, INC. Defendant-Appellee.
No. 90-1170.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
Rehearing Denied June 15, 1992.
*703 Moroux, Domengeaux, Anthony D. Moroux, Lafayette, for plaintiffs-appellants.
Landry, Watkins, Edward P. Landry, New Iberia, for intervenor-appellant CNA Ins. Co.
Broussard, David, Susan A. Daigle, Lafayette, for defendant-appellee Acadian Workover.
Voorhies & Labbe, Thomas R. Hightower, Richard Chappuis, Lafayette, for defendant-appellee Lyons.
Before GUIDRY, HOOD and MARCANTEL,[*] Judges.
BERNARD N. MARCANTEL, Judge Pro Tem.
The issue presented by this appeal is whether or not the trial judge was correct in granting defendant's motion for summary judgment and dismissing plaintiffs' suit.
On January 26, 1987, plaintiffs, Joseph W. Young (hereinafter Young) and Deborah Young, filed a petition against Lyons Petroleum, Inc. (hereinafter Lyons) for damages for an injury Young sustained from a fall on a workover rig. Lyons answered denying all plaintiffs' allegations. Homco International (hereinafter Homco), Young's employer, and CNA Insurance Company (hereinafter CNA), Homco's worker's compensation insurer, filed a petition of intervention for reimbursement for any amount paid to or on behalf of Young. On October 26, 1987, plaintiffs filed a first amending petition adding Acadiana Workover Service, Inc. (hereinafter Acadiana) as defendant in place of Lyons. Acadiana answered asserting the defense of prescription and denying all plaintiffs' allegations. Plaintiffs amended their petition to name Acadiana and/or Lyons as defendants. Lyons filed a first amending and supplemental answer alleging that it was the statutory employer of Young. Lyons filed a motion for summary judgment on March 27, 1990 and, after a hearing on April 27, 1990, the matter was taken under advisement. The trial judge granted Lyons' motion. Plaintiffs filed a motion to reconsider and/or a new trial on May 21, 1990. The trial judge denied plaintiffs' motion and a judgment was signed on July 16, 1990. Thereafter, a judgment was signed dismissing Acadiana. Plaintiffs appeal from the judgment dismissing their claim against Lyons and Acadiana. Intervenors, Homco and CNA, also appeal from this judgment.

FACTS
On March 8, 1963, Lyons and Tidewater Oil Company (hereinafter Tidewater) entered into a "farmout agreement" in which Lyons agreed to drill a well within 45 days *704 on certain property in St. Landry Parish on which Tidewater had oil and gas leases. As part of this agreement, Tidewater agreed to assign all of its right, title and interest in and to the leases to defendant with a stipulation it would reserve an overriding royalty of 1/16 of 8/8 of all the oil, gas and other minerals that may be produced, if the well was completed as a producing well. Additionally, defendant agreed that if any well was completed as a dry hole and plugged and abandoned, it would return the land to as nearly the same condition as it found it. On August 28, 1963, Tidewater assigned all of its right, title and interest in the oil, gas and mineral leases to Lyons and reserved the above overriding royalty.
On May 6, 1986, Lyons was in the process of plugging and abandoning a well located near Port Barre pursuant to their contract with Tidewater. Acadiana had a contract with defendant as the workover crew to plug and abandon the well. Homco had a contract with defendant to provide wireline services as part of the workover process. On this day, Young slipped aboard the workover rig and fell to the ground, fracturing his ankle.
Young collected worker's compensation benefits and medical expenses from Homco and CNA as a result of this accident at the rate of $254.00 weekly from the date of the accident until September 23, 1987. His worker's compensation benefits totaled $18,288.00 and his medical expenses totaled $18,331.17.
On January 26, 1987, plaintiffs filed a petition for damages against Lyons and Lyons denied all allegations. Plaintiffs later amended the petition to add Acadiana as defendant in lieu of Lyons because Acadiana was the owner of the workover rig. Acadiana answered denying all allegations and additionally filed an exception of prescription. Plaintiffs then amended their petition again to state that the defendants were Lyons and/or Acadiana. Acadiana then withdrew its exception of prescription without prejudice.
Lyons filed an amended answer claiming it was the statutory employer of Young. Lyons filed a motion for summary judgment and a hearing was held on this motion on April 27, 1990. On May 3, 1990, the trial judge issued reasons for judgment and dismissed plaintiffs' claim against Lyons finding that there was no genuine issue of material fact. Plaintiffs filed a motion to reconsider and/or a new trial on May 21, 1990 and the trial judge denied the motion. Acadiana filed an exception of prescription on July 25, 1990.
On July 16, 1990, a judgment was signed granting Lyons' motion for summary judgment. On September 28, 1990, a judgment was signed granting Acadiana's exception of prescription since Lyons, the only defendant who was sued timely, was dismissed.
Plaintiffs, Homco and CNA all appeal the judgment granting Lyons' motion for summary judgment alleging that the trial court erred in finding that Lyons was the statutory employer of Young which insulated it from tort liability under the worker's compensation laws.

LAW
La.R.S. 23:1061[1] of the Louisiana Worker's Compensation Law provides when a principal contractor will be liable for worker's compensation to an employee of a contractor, the principal engages as follows:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had *705 been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor." (Emphasis supplied.)
La.R.S. 23:1032[2] sets forth when an employer shall be immune from tort liability as follows:
"The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section." (Emphasis supplied.)
Lyons had contracted with Homco to provide wireline services as part of the plug and abandon procedure on this particular well which was part of its agreement with Tidewater. Lyons claims that this satisfies the "two-contract" theory section of La. R.S. 23:1032 and, therefore, plaintiffs' exclusive remedy against Lyons was worker's compensation.
Plaintiffs and intervenors claim that, since Lyons is a mineral lessee, the "two contract" theory does not apply. This court has held that an ownership interest in a lease does not change a finding that the "two contract" theory applies. Crater v. Mesa Offshore Co., 539 So.2d 88 (La.App. 3 Cir.1989), writ den., 542 So.2d 1382 (La. 1989) and 543 So.2d 4 (La.1989), cert. den., 493 U.S. 905, 110 S.Ct. 264, 107 L.Ed.2d 214 (1989). However, although Mesa owned an interest in the lease, it had contractually assumed the responsibility of operator and undertook that obligation. Therefore, Mesa became the contractor with the co-owner being the principal and the "two contract" theory was applicable.
In the present case we find that Lyons had more than an ownership interest in a lease. Under this "farmout agreement," Lyons became the mineral lessee with Tidewater owning an overriding royalty interest as compensation for the assignment of its lease. We find that Lyons did not have a contract with Tidewater to perform a service job, but became the owner of Tidewater's mineral lease. Therefore, the "two-contract" theory does not apply in this case.
*706 Under La.R.S. 23:1032, Lyons may also be immune from tort liability if Young's work was part of Lyons' trade, business or occupation. The Louisiana Supreme Court, in the case of Berry v. Holston Well Service, Inc., 488 So.2d 934, at page 938 (La.1986), discussed the statutory employment doctrine as it pertains to employees who are performing a job that is part of an employer's trade, business or occupation as follows:
"The central question to be answered is whether the contract work is specialized or nonspecialized. This of course is a question of fact, and courts should consider whether the contract work requires a degree of skill, training, experience, education and/or equipment not normally possessed by those outside the contract field. If it is determined that the contract work is specialized per se, as a matter of law the work is not a part of the principal's trade, business or occupation, and the principal is not the statutory employer of the specialized contractor's employees. In this situation, `the purpose behind the rule is not violated and the reason for holding the principal directly liable in compensation exclusively does not come into play' because the contractor is an independent business enterprise, rather than a mere intermediary interposed to avoid compensation responsibility. Williams v. Shell Oil Co., 677 F.2d 506 (5th Cir.1982) (Tate, J. writing for the panel), citing 13 W. Malone & H. Johnson, La.Civil Law Treatise-Worker's Compensation, §§ 78, 126 (1980).
If it is determined that the contract work is non-specialty, then the inquiry shifts to a comparison of the principal's trade, business or occupation and the contract work to see if the latter can be considered a part of the principal's trade, business or occupation...."
The court then went on to hold that an employee of a wireline company hired by a well owner to perforate a well was not a "statutory employee" of the well owner, giving rise to the well owner's exemption from tort liability to the wireline employee, as the wireline service was a highly specialized, separate support industry in the oil business, and well workovers, involving wireline work, was not routine and customary; thus, the wireline work was not the type of work normally performed by employees but, instead, by independent contractors.
The Legislature overruled Berry, supra by Acts 1989, No. 454, effective January 1, 1990, which amended La.R.S. 23:1061(A). The court finds that this amendment makes a sweeping change in our prior law and, since the changes are substantive, the law should not be applied retroactively. Bourgeois v. Puerto Rican Marine Management, Inc., 589 So.2d 1226 (La.App. 4 Cir. 1991); Fountain v. Central Louisiana Electric Co., Inc., 578 So.2d 236 (La.App. 3 Cir.1991), writ den., 581 So.2d 707 (La. 1991).
In the present case, Young was performing wireline services for Lyons when he was injured. Therefore, we find that there is a genuine issue of material fact as to whether the wireline services Young was performing were a part of Lyons' trade, business or occupation.
For these reasons, we reverse the trial court's granting of Lyons' motion for summary judgment and remand this case to the trial court for further proceedings in accordance with law. Costs of this appeal are assessed against defendant-appellee, Lyons Petroleum, Inc.
REVERSED AND REMANDED.
GUIDRY, J., concurs and assigns reasons.
GUIDRY, Judge, concurring.
The facts of this case are indistinguishable from those present in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La. 1986). Considering the date of plaintiff-Young's injury, the legal principles enunciated in Berry control. Accordingly, the trial court's grant of summary judgment dismissing plaintiffs' suit against Lyons Petroleum, Inc. must be reversed. I respectfully concur.
NOTES
[*] Judge Warren E. Hood, Retired, and Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.
[1] This was the law that was in effect on the date of Young's injury. It has since been amended by Acts 1989, No. 454 § 3, effective January 1, 1990.
[2] This was the law that was in effect on the date of Young's injury. It has since been amended by Acts 1989, No. 454, § 2, effective January 1, 1990.