615 So.2d 967 (1993)
Richard L. METZ and Brenda Metz, Individually and on Behalf of Their Minor Children Richelle, Angela and Richard, II
v.
NICHOLS CONSTRUCTION CORPORATION.
No. 92 CA 0088.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
*968 Kenneth Richie, Baton Rouge, for plaintiff-appellant, Richarl L. Metz, et al.
Terri Collins, Baton Rouge, for intervenor-appellee, USF & G.
Leonard Cardenas, Baton Rouge, for defendant-appellee, Nichols Const. Corp.
Before CARTER, LEBLANC and PITCHER, JJ.
LEBLANC, Judge.
Plaintiff, Richard L. Metz, appeals a trial court judgment granting summary judgment to defendant, Nichols Construction Corporation, dismissing plaintiff's suit for personal injuries. We affirm.
The suit arose out of an accident which plaintiff alleges occurred on July 17, 1988. At that time Metz was employed as a mechanic by Harmony Corporation and was directed by his employer to do mechanic work for defendant, Nichols, at the Nichols equipment yard in Baton Rouge. There, he was under the direct supervision of Nichols superintendent Donald Haynes. Haynes instructed Metz to remove the motor from a two hundred ton "American" crane, owned by Nichols, and while completing his assignment, Metz alleges he slipped and fell, injuring his lower back.
Metz filed suit against Nichols for his injuries. On October 2, 1990, Nichols filed a motion for summary judgment, arguing that Metz was the statutory employee of Nichols and that Nichols was therefore immune from tort liability. Judge Michael Erwin denied the motion on December 21, 1990. On March 26, 1991, defendant filed a second motion for summary judgment, again arguing Metz was Nichols' statutory employee. Judge Michael Ponder presided at the hearing on this motion because of a reassignment of judges serving on the 19th Judicial District Court. Judge Ponder granted the second motion and dismissed plaintiff's suit. Plaintiff appealed.
Plaintiff assigns as error: 1) the retroactive application of La.R.S. 23:1061; and 2) allowing the defendant to bring a second motion for summary judgment after the first motion for summary judgment had been denied.
We will first address whether the defendant should have been prevented from seeking a second motion for summary judgment after a first motion for summary judgment had been denied.
The Louisiana Code of Civil Procedure, articles 966-969, govern and regulate the procedure for either party to move for a summary judgment. La.C.C.P. art. 966 provides:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days *969 before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
D. A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages.
The mover has the burden of establishing the absence of material fact issues, and any doubt as to the existence of such fact issues is to be resolved against granting the motion. Wilson v. H.J. Wilson Co., Inc., 492 So.2d 54 (La.App. 1st Cir.), writ denied, 496 So.2d 355 (1986).
Although plaintiff argues that it is inappropriate for the trial court to rehear a motion for summary judgment that had been previously denied, we find no authority supporting this argument. Rather, in both Francioni v. Rault, 570 So.2d 36 (La. App. 4th Cir.1990), writ denied, 575 So.2d 371 (1991) and Efferson v. Link Belt Corp., 476 So.2d 528 (La.App. 1st Cir.1985), it has been held to be no error for the trial court to hear the reurging of a motion for summary judgment. "Since there is no case or statute to the contrary, this court holds that it was not error for the trial judge to hear the motion for summary judgment a second time." Efferson, 476 So.2d at 529.
We find no merit in plaintiff's argument that Judge Ponder should not have heard the second motion for summary judgment.
The other issue on appeal is whether the trial court was correct in granting summary judgment in favor of Nichols on the ground that Nichols was Metz's statutory employer.
Judge Ponder, in his reasons for judgment stated "Metz was performing duties for Nichols Construction that was obviously directly relating to their line of work necessarily, their line of work being the mechanic work on the drag-line or the crane herein. Therefore, they are a statutory employer in this court's mind." This classification as "statutory employer" had the effect of providing tort immunity to Nichols and dismissing Nichols as a party defendant.
The principal contractors to whom tort immunity is extended by La.R.S. 23:1061[1] were determined prior to the 1989 amendment to La.R.S. 23:1061, by utilizing a three-step analysis established by the Louisiana Supreme Court in Berry v. Holston *970 Well Service, Inc., 488 So.2d 934 (La.1986). The Berry analysis is as follows:
(1) Is the contract work specialized? If so, then as a matter of law the work is not a part of the principal's trade, business or occupation, and the principal is not the statutory employer.
(2) If not, then comparing the contract work with the principal's trade, business or occupation, can it be considered a part of the principal's trade, business or occupation in light of three inquiries:
i. is it routine and customary? That is, is it regular and predictable?
ii. does the principal have the equipment and/or personnel capable of performing the work? and
iii. what is the practice in the industry?
(3) Is the principal engaged in the work at the time of the alleged accident?
In 1989 the Louisiana Legislature amended La.R.S. 23:1061A, by adding the following sentence:
The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.
Acts 1989, No. 454, § 3.
This amendment apparently broadened the definition of statutory employers. Bowens v. General Motors Corp., 608 So.2d 999, 1001 n. 4 (La.1992).[2] Additionally, Acts 1989, No. 454, § 3 established the effective date of the amendment to be January 1, 1990.
Metz alleges his injury occurred on July 17, 1988, before the effective date of the amendment, and argues the retroactive application of the amendment by the trial judge at the hearing on the second motion for summary judgment was error. Nichols argues the amendment should be applied retroactively, and that by utilizing the broader definition of statutory employer, the trial judge correctly dismissed plaintiff's suit. Alternatively, Nichols contends that even under the Berry analysis, Nichols would be found to be Metz's statutory employer, entitling Nichols to immunity from tort liability.
The Louisiana Supreme Court has not passed on the question of whether the amendment, effective January 1, 1990, is retroactive. See, Bowens v. General Motors Corp., 608 So.2d 999, 1001 n. 4 (La. 1992). However, appellate court decisions have held the amendment is not retroactive. See, Young v. Lyons Petroleum, Inc., 598 So.2d 702 (La.App. 3rd Cir.), writs denied, 605 So.2d 1149, 605 So.2d 1150 (1992); Carter v. Chevron Chemical Co., 593 So.2d 942 (La.App. 4th Cir.), writ denied, 596 So.2d 211 (1992); Bourgeois v. Puerto Rican Marine Manage., 589 So.2d 1226 (La.App. 4th Cir.1991), writs denied, 592 So.2d 1299, 592 So.2d 1300 (1992); Fountain v. Central Louisiana Elec. Co., 578 So.2d 236 (La.App. 3rd Cir.) (Domengeaux, C.J., concurring), writ denied, 581 So.2d 707 (1991); Pierce v. Hobart Corp., 939 F.2d 1305 (5th Cir.1991).
We find it unnecessary to address the retroactivity of the 1989 amendment to La. R.S. 23:1061 and its effect on Berry because, applying either the new broader definition or the prior standard, Nichols was the statutory employer of Metz and is immune from tort liability.
Utilizing the Berry analysis, the central question to be answered is whether the contract work is specialized or non-specialized. The affidavits of Dave Lauve, Vice-President of Nichols, Donald Haynes, Metz' supervisor, and Metz all support a finding that the work was not specialized. Nichols was and is in the business of renting equipment and employs mechanics to repair and maintain that equipment.
Since Metz' work was not specialized, the second inquiry of Berry requires a comparison of Metz' work with Nichols' own trade, *971 business and occupation. The affidavits establish that Nichols repairs and maintains the equipment it has available for lease. Haynes' responsibilities were to supervise the mechanics in the Nichols yard who performed this work on the lease equipment.
Lastly, Berry inquires if the principal was engaged in the work at the time of the alleged accident. Again, the affidavits verify Nichols was engaged in the enterprise at the time of the alleged injury. Both Lauve and Haynes state Nichols was engaged in the business of maintenance and repair of equipment at the time of the alleged injury. Bryan E. Stevens, a Nichols employee, was working with and assisting Metz on the day of the alleged accident and Ronald G. Walton, another Nichols employee, was assigned to complete the work begun by Metz after Metz's alleged injury.
If we apply La.R.S. 23:1061, including the 1989 amendment, we find the work done by Metz for Nichols was nonspecialized, simple maintenance, done by both contract and direct employees of Nichols, and was routine. Both the amendment and Berry would provide immunity to Nichols.
Nichols Construction Corporation was the statutory employer of Richard Metz at the time of the alleged accident. Metz did not file any countervailing evidence which raised any genuine issue of material fact. Nichols is entitled to summary judgment as a matter of law. The motion for summary judgment in favor of Nichols was properly granted. Costs of this appeal are assessed to the appellant.
AFFIRMED.
NOTES
[1] La.R.S. 23:1061, prior to the 1989 amendment, read:

[A.] Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
[B.] Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
La.R.S. 23:1061 should be read in conjunction with La.R.S. 23:1032, which provided, at the time of the alleged injury, in pertinent part:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer * * * for said injury, or compensable sickness or disease.
[2] Docket Nos. 92-C-1307, 92-C-1322, rendered Nov. 30, 1992.