940 So.2d 678 (2006)
Marianne Cortez GRANIER
v.
AVONDALE INDUSTRIES, INC. (formerly Avondale Shipyards, Inc.), and its Executive Officers, J. Melton Garrett, Steven Kennedy, Albert Bossier, and Peter Territo and their Insurers, Onebeacon America Insurance Company, et al.
No. 2005-CA-1085.
Court of Appeal of Louisiana, Fourth Circuit.
August 16, 2006.
*679 Gerolyn P. Roussel, Perry J. Roussel, Jr., Angelique R. Duhon, Roussel & Roussel, LaPlace, LA, for Plaintiffs/Appellants.
R. Dean Church, Jr., Forrest Ren Wilkes, Forman Perry Watkins Krutz & Tardy, LLP, New Orleans, LA, for Defendant/Appellee, (O-I formerly known as "Owens-Illinois, Inc.").
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD).
MICHAEL E. KIRBY, Judge.
In this asbestos exposure claim the plaintiffs, Marianne Cortez Granier, individually and as widow of Joseph Granier, and Dwight Granier, Betty Granier Morales, JoAnn Granier Becnel, Jody Granier, and Pauline Granier Bennett, children of Joseph Granier, appeal the judgment of the trial court granting the motion for summary judgment of defendant, Owens-Illinois, Inc. (hereinafter "Owens-Illinois" or "O-I") on the grounds that they attached sufficient evidence raising genuine issues of material fact and making the granting of summary judgment inappropriate. Further, plaintiffs argue that Owens-Illinois, as mover, attached five (5) exhibits which were not competent evidence in support of a motion for summary judgment.
On July 15, 2003, Marianne Granier, filed a petition for damages to recover for injuries resulting from exposure to asbestos and naming as defendant, Owens-Illinois. She alleged that as a homemaker, she had extensive exposure to asbestos carried home on the clothes and persons of her husband, Joseph Granier, and son, Dwight Granier, who worked as insulators at Avondale Shipyards, Inc. One of the products to which Marianne Granier was exposed was Kaylo, a product allegedly manufactured and designed by Owens-Illinois. On or about May 23, 2003, Mrs. Granier was diagnosed with asbestosis, *680 and her petition alleges a causal connection between the exposure and Mrs. Granier's developed asbestosis.
Mr. Joseph Granier, was diagnosed with asbestos-related lung cancer, and he died from this disease. On November 17, 2003, Mrs. Granier filed a first supplemental and amending petition, and on November 25, 2003, plaintiffs' filed a second supplemental and amending petition, adding and supplementing as plaintiffs Marianne Granier (as the widow of Joseph Granier) and Dwight Granier, Betty Granier Morales, JoAnn Granier Becnel, Jody Granier, and Pauline Granier Bennett, (as the children of Joseph Granier), to recover for damages which resulted from Joseph Granier's occupational exposures to asbestos-containing products designed and manufactured by Owens-Illinois. Plaintiffs' petitions allege that the fault of Owens-Illinois was a significant contributing cause of Marianne Granier's asbestosis and Joseph Granier's lung cancer.
On February 14, 2005, Owens-Illinois filed the underlying summary judgment, arguing that no genuine issues of material fact exist that either Joseph or Marianne Granier were ever exposed to any asbestos-containing material manufactured, distributed or sold by Owens-Illinois. The defendant attached five (5) exhibits which were purported to be competent evidence, in support of its motion for summary judgment. Specifically, Owens-Illinois attached Exhibit 1, which purports to be an agreement to sell the Kaylo Division of Owens-Illinois to Owens-Corning dated in 1958. Exhibit 2 purports to be a document from 1962 in which Owens-Corning Fiberglass Corporation reports on a Kaylo improvement program. Much later, defendant attempted to authenticate Exhibit 1 with the affidavit of Susan Gibbons, which was filed late. Gibbons' affidavit states that she works for Owens-Illinois, which precludes her from authenticating Exhibit 2, which purports to be an internal document of Owens-Corning. Exhibits 3, 4, and 5, are all copies of Judgments from unreported cases.
In its hearing on numerous motions of several defendants, the trial court granted Owens-Illinois motion for summary judgment dismissing it from the case and designated it a final judgment. The trial court then, addressing plaintiff's counsel, gave oral reasons, to wit:
Except for when they developed the product, and then it got to Avondale in the years after 1958, it was changed by Owens-Corning. I am going to grant the Motion for Summary Judgment as relates to Owens-Illinois.
* * *
Let me tell you why on the record, because the Court makes a finding as a matter of law that Owens-Illinois, now known as O-I, there has not been sufficient evidence that the plaintiff can carry the burden to show any liability on behalf of Owens-Illinois, now known as O-I.
There has not been a sufficient showing in the Court's opinion to establish that any Kaylo asbestos-containing product that was used inat Avondale prior to Mr. Granier's employment there which began in 1964, in which he said in his testimony that the old ships came in for repair and contained Kaylo. And there was evidence to suggest that there was no way to know the names of whose Kaylo it was that they were taking apart.
So for those reasons, the Court will now rule that based on the evidence that they have presented, that they can carry their burden at trial. Therefore, it is a final judgment as it relates to Owens-Illinois, now known as O-I. I will sign *681 the judgment and designate it as a final judgment as relates to Owens-Illinois, now known as O-I.
STATEMENT OF THE LAW
The appellate court review of a summary judgment is de novo. Dominio v. Folger Coffee Co., XXXX-XXXX (La.App. 4 Cir. 2/15/06), 926 So.2d 16. "An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appell[ee] is entitled to judgment as a matter of law." Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750. We are also guided by the Legislature's admonition that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action" and that "[t]he procedure is favored and shall be construed to accomplish these ends." La. C. Civ. Pro. art. 966 A(2). Nonetheless, in deciding a motion for summary judgment "courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." Smith, 93-2512 at p. 27, 639 So.2d at 751.
If there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law, summary judgment shall be rendered. La. C. Civ. Pro. art. 966 B. The moving party has the burden of establishing that there are no genuine issues of material fact. La. C. Civ. Pro. art. 966 C(2).[1] However, Article 966 C(2) now provides that if the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, then the moving party is not required to negate every essential element of the nonmoving party's claim. The moving party may satisfy its burden merely by "pointing out" the absence of support for one or more essential elements of the nonmoving party's claim. "This `pointing out' should be more than a bare assertion, as the mover still bears the burden of proof, which includes the burden of persuasion." Lee v. Wall, 31,468, p. 1 (La.App. 2 Cir. 1/20/99), 726 So.2d 1044, 1047 (Norris, C.J., concurring) (citing David W. Robertson, Summary Judgment and Burden of Proof: Effects of the 1996 Amendment, 45 La. B.J. 331, 333 (1997) ).
In Williams v. Memorial Medical Center, XXXX-XXXX, pp. 14-15, (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1053, we stated:
In meeting the burden of proof, unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and therefore will not be considered; "merely stapling them to a motion for summary judgment" does not "magically" transform such documents into competent summary judgment evidence. Schully v. Hughes, 2000-2605, p. 5 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1222.
This being the law, the trial court erred in not granting plaintiff's motion to strike the *682 exhibits, and in considering the attached exhibits.
Moreover, we note that even if the trial court had not abused its discretion in allowing the defense exhibits, some of those same exhibits contain the patent number of Kaylo and identify "Kaylo" as a trade name of Owens-Illinois. The date on which the ownership of these rights were transferred, if ever, by the United States Patent Office should be considered.
Finally, the trial court in its oral reasons for judgment states that the product, i.e., Kaylo, "was changed by Owens-Corning." There is absolutely nothing in the record that makes Exhibit 2, the purported change by Owens-Corning document, competent summary judgment evidence.
For the aforementioned reasons, we reverse the granting of summary judgment and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] La. C. Civ. Pro. art. 966 C(2) provides:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.