983 So.2d 162 (2008)
Cynthia FERGUSON, Individually and on Behalf of her Minor Child, Rachel Holley
v.
Donna K. BOCSKOV, J & F Bus Service, Inc. and their Liability Insurance Carrier, Liberty Mutual Insurance Company.
No. 07-CA-924.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
*163 Marc L. Frischhertz, Iran Thompson, Attorneys at Law, New Orleans, LA, for Plaintiff/Appellee.
Kenneth E. Pickering, Attorney at Law, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
Defendant, National Automotive Insurance Company (National), appeals from the trial court judgment denying its motion for summary judgment and effectively granting the cross motion by the Plaintiff, Cynthia Ferguson, individually and on behalf of her minor child, Rachel Holley, finding uninsured motorist coverage had not been waived. For the reasons which follow, we reverse.
The issue presented in this case is whether a waiver of UM coverage is invalid simply because the policy number was not placed on the waiver form, where there was no policy number at the time the waiver was executed. It arises from an automobile accident in which Plaintiff was rear-ended and seriously injured. The rear-ending vehicle was being driven by Donna Bocskov and was owned by J & F Bus Service, Inc. Bocskov was covered at the time of the accident by an insurance policy issued by Liberty Mutual Insurance Co. Plaintiff filed suit against these parties. She later amended her petition to add her own insurer, National. On February 16, 2006, the record indicates Plaintiff settled with Bocskov, J & F Bus Services and Liberty Mutual, and those parties were dismissed with prejudice.
Thereafter, on April 26, 2007, National filed a motion for summary judgment based on the argument that it did not provide coverage for the accident. More particularly, National asserted, by affidavit of Stephen C. Schrempp, the President of National, that upon making application for insurance with them, on May 30, 2002, Plaintiff executed an Uninsured Motorist Selection/Rejection Form, promulgated by the Commissioner of Insurance, and rejected or waived UM coverage. The executed form did not contain a policy number. The insurance application and UM *164 waiver were the only documents required of Plaintiff from the time of their execution until the date of the accident, November 23, 2003. At the time the UM waiver was executed a policy number did not exist. A policy number was assigned by National upon issuance of the policy following receipt of the application and waiver.
National argues that at all times it has relied upon and followed the regulations provided by the Commissioner of Insurance with regard to the proper execution of the Uninsured Motorist Selection/Rejection Form. National refers specifically to LIRC 98-03, which provides in part that "[i]n the case where a policy number is not available, the space for the policy number may be left blank or a binder number may be inserted." Consequently, National argues, the undisputed facts show that Plaintiff waived UM coverage and it does not provide coverage for Plaintiff's injuries resulting from this accident. Therefore, National is entitled to summary judgment.
Plaintiff filed a cross motion for summary judgment arguing to the contrary that there was not a valid waiver of UM coverage and, thus, National provided UM coverage for this accident to the extent of the liability limits. Plaintiff contends that because the policy number was not inserted in the blank on the form prescribed by the Commissioner of Insurance, the UM waiver was invalid. Plaintiff relied on the Louisiana Supreme Court decision in Duncan v. USAA Ins., Co., et al, 06-363 (La.11/29/06), 950 So.2d 544 in support of her position.
Following a contradictory hearing, the trial court ruled in favor of the Plaintiff, denying National's motion for summary judgment and finding "that the uninsured motorist waiver form at issue is invalid pursuant to Duncan v. U.S.A.A., 2006-363 (La.11/29/06), 950 So.2d 544 and that UM coverage is available in an amount equal to the limits of liability coverage under the policy." The ruling was designated a final judgment.[1] It is from this ruling that National appeals.
On appeal, National argues that the Duncan case is distinguishable from the instant one. Further, National argues that since La. R.S. 22:680(1)(a)(ii) provides that UM selection or rejection must be made on a form prescribed by the Commissioner of Insurance, then the instructions issued by the Commissioner of Insurance, advising how to properly complete the form should be controlling. LIRC 98-03, a bulletin by the Commissioner of Insurance provides in part that "[i]n the case where a policy number in not available, the space for the policy number may be left blank. . . ." Therefore, the omission of the policy number on the UM waiver form executed by Plaintiff, where it was not available at the time, should not render it invalid.
It is well settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750; Hayne v. Woodridge Condominiums, Inc., 06-923, *165 p. 4 (La.App. 5 Cir. 4/11/07), 957 So.2d 804, 807; Nuccio v. Robert, 99-1327, p. 6 (La. App 5 Cir. 04/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. Thus, this court must consider whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Magnon v. Collins, 98-2822, p. 6 (La.7/7/99), 739 So.2d 191, 195; Smith, 93-2512 at 26, 639 So.2d at 750. Moreover, the summary judgment procedure is favored, and shall be construed, as it was intended, to secure the just, speedy, and inexpensive determination of most actions. La. C.C.P. art. 966(A)(2); Magnon, 98-2822 at 6, 739 So.2d at 195.
In the Duncan case, relied on by Plaintiff, the Supreme Court posited the issue as "whether UM coverage was validly waived when the line for the policy number was left blank on the form prescribed by the commissioner of insurance." Upon finding that UM coverage was not waived in that case, the Court held that the UM statute requires that the blank for the policy number contained on the insurance commissioner's form be filled in to effectuate a valid waiver of UM coverage. In reaching this conclusion, the Court did not address the reason the policy number was not on the form, i.e., as here, where the UM waiver was executed at the time insurance was applied for when a policy number did not exist. The Court, in the original opinion, also did not refer to the Insurance Commissioner bulletin, LRIC 98-03.[2]
This Court has previously addressed the exact issue presented in this case in Baide v. Allen, 07-0652 (La.App. 5 Cir. 12/11/07), 974 So.2d 688. The Baide case is factually identical to the one before us insofar as the validity of the UM rejection is concerned. In Baide, as in this case, no policy number appeared on the UM rejection form because the UM form was executed at the time the insurance application was executed and a policy number was unavailable. We held that the lack of a policy number on the UM rejection form, under those circumstances, did not invalidate the rejection of UM coverage. In reaching this conclusion, we considered Duncan, relied on herein by Plaintiffs, but noted that the Supreme Court had, subsequent to Duncan, reversed a trial court ruling and found the UM rejection valid where the policy number was omitted from the UM form because the UM form was executed at the time of application for the policy and the policy number was not available at that time. Carter v. State Farm Mut. Auto. Ins. Co., 07-1294 (La.10/5/07), 964 So.2d 375.
Therefore, we reach the same conclusion as the Supreme Court did in Carter and we reached previously in Baide, that, where the policy number was unavailable at the time the UM form was executed, the UM rejection form is valid despite the fact that the policy number does not appear on the form.
Accordingly, we find there are no material issues of fact and National Automotive Insurance Company is entitled to judgment as a matter of law based on our determination that the UM rejection form signed by Cynthia Ferguson is valid. The judgment by the trial court to the contrary is reversed. The matter is remanded for further proceedings consistent with the view expressed herein.
*166 REVERSED, RENDERED AND REMANDED.
NOTES
[1] Designation of a non-appealable judgment as a final judgment does not render it appealable. A ruling denying summary judgment is an interlocutory judgment which is not appealable. Ware v. Mumford, 04-118 (La.App. 5 Cir. 5/26/04), 875 So.2d 885. However, since there were cross motions, and the trial court ruled in favor of the Plaintiff, granting Plaintiff the ruling she requested, we consider the judgment as one granting summary judgment in favor of Plaintiff even though those precise words were not used. As such, coupled with the final designation, it is an appealable judgment and is being treated as such.
[2] Justice Weimer voted to grant the rehearing in Duncan. In his reasons for doing so, he referred to LIRC 98-03 and noted that the Court's attention had not been directed to it on original hearing. He reasoned that the bulletin further supported his position that the absence of the policy number on the UM waiver did not render it invalid.