996 So.2d 1199 (2008)
Daphne HARGETT
v.
PROGRESSIVE INSURANCE COMPANY.
No. 2008-CA-0293.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 2008.
Marie Bookman, New Orleans, LA, for Plaintiff/Appellant.
Jane B. Wills, Casler Bordelon & McGinty, Metairie, LA, for Defendant/Appellee, Progressive Express Insurance Company.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., and Judge MICHAEL E. KIRBY).
CHARLES R. JONES, Judge.
The Appellant, Daphne Hargett, is appealing the district court's judgment granting a motion for summary judgment in favor of the Appellee, Progressive Express Insurance Company (hereinafter "Progressive"). We affirm.
On February 9, 2005, Ms. Hargett was rear-ended while driving eastbound on I-10 in Orleans Parish in an Enterprise Rental car. The vehicle Ms. Hargett was operating was rented by Shandrea Williams, who has automobile insurance with Progressive. Albeit that Ms. Hargett was an authorized driver of the rental vehicle, she was neither listed as an insured nor as an additional insured under Ms. Williams' Progressive policy.
Ms. Hargett settled her claim against the party at fault's insurance company, State Farm Insurance. She then attempted to resolve a claim with Progressive under the underinsured motorist's portion of Ms. Williams' policy, but to no avail. Ms. Hargett later filed suit against Progressive alleging that she was an insured under Ms. Williams' policy and seeking damages.
Progressive subsequently filed two (2) separate motions for summary judgment against Ms. Hargett. In its first motion for summary judgment, which was filed on February 9, 2007, Progressive averred that Ms. Hargett was not an insured under its *1200 insurance policy because she is not related to Ms. Williams and because she was not driving a covered vehicle at the time of the accident. The district court denied Progressive's motion on April 18, 2007. The judgment was not certified as a final judgment. Additionally, Progressive did not appeal the judgment.
Progressive then filed its second motion for summary judgment in which it reurged its argument that Ms. Hargett was not a covered driver pursuant to its policy, and addressed a new issue raised by Ms. Hargett at the hearing on the first motion for summary judgment: Ms. Hargett's use of the rental vehicle as a temporary substitute vehicle under La R.S. 22:681. The district court granted Progressive's second motion for summary judgment and held that Ms. Hargett was not a covered driver under the Progressive policy and that she was not a permissive user of the rental car under the terms of the Enterprise agreement.
Ms. Hargett raises two issues on appeal. First, she avers that the district court's judgment in favor of Progressive's second motion for summary judgment is manifestly erroneous. The second issue raised is that the district court erred in not setting aside Progressive's second motion for summary judgment as moot after issuing a final judgment on Progressive's first motion for summary judgment.
Appellate court review of a summary judgment is de novo. Dominio v. Folger Coffee Co., XXXX-XXXX (La.App. 4 Cir. 2/15/06), 926 So.2d 16. Furthermore, a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). However, if the movant will not bear the burden of proof at trial, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
In her first assignment of error, Ms. Hargett argues that the district court erred in granting Progressive's second motion for summary judgment because Progressive failed to support its second motion for summary judgment with affidavits or certified documents. She further contends that it is Progressive's burden to present a prima facie case that genuine issues of material fact exist before the burden shifts to the opposing party.
Ms. Hargett avers that her sworn affidavit and deposition are the only sworn statements that were presented to the district court. Progressive, however, according to Ms. Hargett, has failed to produce sworn statements. Our review of the record reveals that Progressive attached two (2) exhibits in support of its motion for summary judgment: a copy of Ms. Hargett's deposition of November 30, 2008, and a copy of Ms. Williams' Progressive policy. Attached to Ms. Hargett's deposition was a copy of the first page of the Enterprise rental agreement.
Ms. Hargett was questioned about her knowledge of the Enterprise agreement at her deposition. During her deposition, she was shown a copy of the first page of said agreement. Counsel for Ms. Hargett objected to the exhibit asserting that the document had never been properly identified by Ms. Williams or by Enterprise.
*1201 Progressive contends that Ms. Hargett cannot controvert the sufficiency of the evidence attached to its motion for summary judgment on appeal because she did not raise an objection in the district court. However, this argument has no merit under a de novo standard of review.
An integral part of Progressive's summary judgment argument was that the Enterprise rental car driven by Ms. Hargett was not a covered vehicle on Ms. Williams' policy. In its judgment, the district court reasoned that the language of the Progressive policy excludes coverage for bodily injury sustained by any persons who are using or occupying a non-owned vehicle without the owner's express or implied consent.
Ms. Hargett is correct in her assertion that unverified documents attached to a motion for summary judgment shall not be considered. In Granier v. Avondale Industries, Inc., XXXX-XXXX, p. 5 (La.App. 4 Cir. 8/16/06), 940 So.2d 678, 681, we noted:
In meeting the burden of proof, unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and therefore will not be considered; "merely stapling them to a motion for summary judgment" does not "magically" transform such documents into competent summary judgment evidence. Schully v. Hughes, 2000-2605, p. 5 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1222.
Id., p. 5, 940 So.2d at 681 (citing Williams v. Memorial Medical Center, 03-1806, pp. 14-15 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1053). However, our review of the record shows that the first page of the Enterprise rental agreement was attached to Ms. Hargett's deposition because it was marked as an exhibit of that deposition.
It was incumbent on Progressive, as the mover, to carry its burden of proof on its motion; yet, because Progressive does not bear the burden of proof at trial, it was only required to demonstrate that there is an absence of factual support for one or more elements essential to Ms. Hargett's claim. La. C.C.P. art. 966(C)(2). In response, Ms. Hargett had to produce factual support sufficient to establish that she would be able to satisfy her evidentiary burden of proof at trial. Id.
We agree with the district court's assessment that there were no genuine issues of material fact considering that Ms. Hargett could neither show that she was a listed and/or covered driver under the Progressive policy nor an additional authorized driver under the Enterprise rental agreement. Ms. Hargett's self-serving testimony and affidavit stating that she did have Enterprise's consent to operate the rental vehicle carries little weight where Ms. Hargett failed to submit proof that Enterprise gave her the expressed or implied consent to operate its vehicle at the time of the accident.
Furthermore, with regard to expressed consent, the Enterprise rental agreement was executed by Ms. Williams. Ms. Hargett was not a party to the rental agreement, and testified that she did not recall seeing the rental agreement prior to the deposition. Thus, she has offered no proof that Enterprise gave her express consent to operate its vehicle at the time of the accident. Moreover, Ms. Hargett's return of the rental vehicle after the accident to obtain another rental car for Ms. Williams does not indicate that Ms. Hargett had Enterprise's implied consent to operate the rental car at the time of the accident.
In response to Progressive's motion for summary judgment, Ms. Hargett had an obligation to rebut the assertion that she was an excluded driver under the Progressive policy. She did not do so. Therefore, we find this assignment of error to be without merit.
*1202 In her second assignment of error, Ms. Hargett argues that the district court erred in not setting aside Progressive's second motion for summary judgment as moot after issuing a final judgment on Progressive's first motion for summary judgment.
In the district court, Ms. Hargett offered a Motion to Set Aside Defendant's Motion for Summary Judgment. In its reasons for judgment, the district court explained that it denied said motion because there was no statutory or jurisprudential authority supporting the proposition that there is a limit to how many times a motion for summary judgment can be considered.
Indeed, in Melton v. Miley, 98-1437 (La. App. 1 Cir. 9/24/99), 754 So.2d 1088, the First Circuit addressed the issue of whether there is a limit to how many times a district court can consider a motion for summary judgment. In Melton, the First Circuit reasoned:
Plaintiffs contend Hartford should have been prevented from re-urging a second motion for summary judgment after the first motion for summary judgment had been denied.
Although plaintiffs urge that it is inappropriate for the trial court to rehear a motion for summary judgment which has previously been denied, we find no authority supporting this argument. In both Francioni v. Rault, 570 So.2d 36 (La.App. 4th Cir.1990), writ denied, 575 So.2d 371 (La.1991) and Efferson v. Link Belt Corp., 476 So.2d 528 (La.App. 1st Cir.1985), it was held not to be error for the trial court to hear the re-urging of a motion for summary judgment. "Since there is no case or statute to the contrary, this court holds that it was not error for the trial judge to hear the motion for summary judgment a second time." Metz v. Nichols Constr. Corp., 615 So.2d 967, 969 (La.App. 1st Cir.1993) (citing Efferson, 476 So.2d at 529). See also Young v. Dupre Transport Co., 97-0591, pp. 1-2 (La.App. 4th Cir.10/1/97), 700 So.2d 1156, 1159 (wherein the court found no error with mover, having been denied summary judgment, later re-urging motion because such denial was not an adjudication and had no res judicata effect) Accordingly, we find no error in the trial court's consideration of Hartford's second motion for summary judgment.
Id., 98-1437, p. 4, 754 So.2d at 1090.
Furthermore, as Progressive maintains on appeal, a second motion for summary judgment is permissible because the denial of an initial motion for summary judgment is an interlocutory judgment, and therefore, not a final judgment. Kemper v. Don Coleman, Jr. Builders, Inc., 34,671, p. 3, (La.App. 2 Cir. 1/18/01), 779 So.2d 1001, 1002; Ferguson v. Bocskov, 07-924 (La. App. 5 Cir. 3/25/08), 983 So.2d 162, 164 n. 1 (citing Ware v. Mumford, 04-118 (La.App. 5 Cir. 5/26/04), 875 So.2d 885); Lee v. Champion Ins. Co., 591 So.2d 1364, 1365 (La.App. 4 Cir.1991).
In the case sub judice, the district court did not render a final judgment upon denying Progressive's first motion for summary judgment. Consequently, Progressive was not barred from filing a second motion for summary judgment.
Thus, we find that this assignment of error is without merit.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed.
AFFIRMED.