LEMMON, Judge.
This case involves an intersectional collision in which plaintiff was injured. The trial court held that defendants, the driver and operator of a large moving van which was parked within two to five feet of the intersection, was the sole cause of the accident, and defendants have appealed. The only issue on appeal is whether plaintiff was contributorily negligent.
The collision occurred on a clear day at the intersection of Iberia Street, a two-lane, two-way street, and Wall Boulevard, a divided street with one lane for travel and one lane for parking on each side of the median.
Prior to the accident plaintiff was traveling east on Iberia and stopped in obedience to a stop sign controlling the intersection, intending to proceed directly across. As she had approached the corner, she saw some traffic coming from her left, but when she came to a stop at the intersection her view to the left was completely obstructed by the van. She waited until the traffic she had seen had passed, and then she began to edge forward slowly in order to check for additional oncoming traffic, when suddenly she was struck on the left front fender.
A city ordinance prohibited parking within 40 feet of an intersection, and the van driver’s violation of the ordinance and of rules of reasonable driving caused the view of each motorist to be obstructed. This thoughtless and selfish parking was clearly a legal cause of the accident.
Contributory negligence is conduct on the part of the plaintiff which falls *458 below the standard to which he should conform for his own protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, 276 So.2d 286 (La.1973). Here, plaintiff could not turn to her right without entering a portion of the traffic lane, could not back up because of other cars, and could not see to her left, although she leaned forward as far as possible. Her conduct in moving forward slowly constituted reasonable care under the circumstances, at least when considered in a reciprocal duty relationship to the duty of the operator of the parked van. It would be completely illogical to hold that the van operator had a duty imposed by statute and reason to refrain from parking in a position that creates a risk of danger to motorists entering the intersection and then to hold that the van operator is not liable for an accident resulting from that exact risk when a motorist, proceeding cautiously into the intersection, is injured because of the obstruction of lookout created by the van operator’s breach of duty.
The judgment is affirmed.

AFFIRMED.