898 So.2d 538 (2005)
JOHN JAY ESTHETIC SALON, INC.
v.
Erin E. PRESKITT
No. 2004-CA-1378.
Court of Appeal of Louisiana, Fourth Circuit.
February 23, 2005.
Rehearing Denied March 31, 2005.
Clarence F. Favret III, Brad P. Scott, Favret, Demarest, Russo & Lutkewitte, New Orleans, Counsel for Plaintiff/Appellant.
*539 Cheryl L. Wild, Jacob J. Amato, Jr., Amato & Creely, Gretna, Counsel for Defendant/Appellee.
Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD.
McKAY, J.
This matter involves a non-competition agreement entered into between plaintiff, John Jay Esthetic Salon, Inc. (John Jay), and defendant, Erin E. Preskitt (Preskitt). John Jay appeals the trial court's granting of a Motion for Summary Judgment in favor of Preskitt. We affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:
After completing the cosmetology curriculum at John Jay Beauty College, Preskitt signed an Agreement with John Jay on March 14, 2002, whereby she would lease space in a John Jay Salon in return for a percentage of her earnings as the rental fee. The Agreement contained non-competition and non-solicitation provisions whereby Preskitt agreed to refrain from carrying on or engaging in any business similar to that of John Jay or to solicit any of John Jay's customers for a period of two years following termination of the Agreement. The Agreement also provided for liquidated damages, stipulated damages, and attorney's fees.
On May 23, 2003, Preskitt terminated the Agreement and her relationship with John Jay and began working at One 2 One Salon. On September 4, 2003, John Jay filed suit against Preskitt, seeking damages and enforcement of the non-competition and non-solicitation provisions of the Agreement.
Preskitt filed a Motion for Summary Judgment arguing: 1) she is not in violation of the non-competition clauses contained in the Agreement as she does not own a competing business, 2) the non-competition clauses are null and void as they violate La. R.S. 22:921, and 3) the liquidated damages provisions of the Agreement are not a good faith estimate of damages, they are penal in nature and they are so manifestly unreasonable as to be contrary to public policy.
The matter was heard on May 21, 2004; and the Motion for Summary Judgment was granted in open court. The judgment was signed on May 26, 2004. John Jay's timely devolutive appeal followed.

STANDARD OF REVIEW:
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact *540 exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).

ARGUMENT:
On appeal, John Jay argues that the trial court improperly granted the Motion for Summary Judgment finding: 1) that Preskitt was an employee; and 2) that the Agreement constituted a "restraint of trade." John Jay further asserts that the trial court erred in finding that no material issues of fact existed.

LAW AND ANALYSIS:
Central to our analysis of this matter is La. R.S. 23:921, which regulates non-competition agreements. At the time of the events at issue, the statute provided, in pertinent part:
A(1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.
C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment. An independent contractor, whose work is performed pursuant to a written contract, may enter into an agreement to refrain from carrying on or engaging in a business similar to the business of the person with whom the independent contractor has contracted, on the same basis as if the independent contractor were an employee, for a period not to exceed two years from the date of the last work performed under the written contract.
La. R.S. 23:921(A)(1) expresses Louisiana's strong public policy disfavoring non-competition agreements between employers and employees. SWAT 24 Shreveport Bossier, Inc. v. Bond, 00-1695 (La.6/29/01), 808 So.2d 294, 298. "Because such covenants are in derogation of the common right, they must be strictly construed against the party seeking their enforcement." Id. See also Aon Risk Services of Louisiana, Inc. v. Ryan, 01-0614 (La.App. 4 Cir. 1/23/02), 807 So.2d 1058.
In SWAT 24, the Louisiana Supreme Court held that La. R.S. 23:921(C) only allows an agreement that prohibits an employee from leaving and beginning his own similar business in competition with his original employer. Conversely, an agreement that restrains an employee from carrying on or engaging in a competing business as the employee of another does not fall within the exception provided for by La. R.S. 23:921(C) and, instead, would be null and void pursuant to Subsection (A). SWAT 24 at 306. See also Bail Bonds Unlimited, Inc. v. Chedville, 01-1401 (La.App. 5 Cir. 10/29/02), 831 So.2d 403. Thus, an agreement cannot prohibit an employee from working for a similar business in competition with the original employer. "Louisiana's strong public policy restricting these types of agreements is based upon an underlying state desire to prevent an individual from contractually depriving himself of the ability to support himself and consequently becoming a public burden." SWAT 24, 808 So.2d at 298.
*541 We note that after the Supreme Court's decision in Swat 24, the legislature amended La. R.S. 23:921 by Acts 2003, No. 428, § 1 (approved June 18, 2003). The amendment altered subsection (B) to include the phrase, "or other interested party in the transaction," and added new subsection (H), which provides:
For the purposes of Subsections B and C, a person who becomes employed by a competing business, regardless of whether or not that person is an owner or equity interest holder of that competing business, may be deemed to be carrying on or engaging in a business similar to that of the party having a contractual right to prevent that person from competing.
Although the amendment appears to legislatively overrule the SWAT 24 case, at least two appellate courts have held that the amendment makes a substantive change in the law and shall not be applied retroactively. Hose Specialty Management Co., Inc. v. Guccione, 03-823 (La.App. 5 Cir. 12/30/03), 865 So.2d 183; Sola Communications, Inc. v. Bailey, 03-905 (La.App. 3 Cir. 12/10/03), 861 So.2d 822. We agree with the prospective application of the amendment; and, accordingly, we will follow the pronouncements of SWAT 24 in the present case.
John Jay argues that Preskitt is a self-employed owner/operator who only rents space from One 2 One Salon. Therefore, John Jay maintains that Preskitt's self-employment falls squarely within the provisions of Swat 24 that allow the enforcement of non-competition and non-solicitation agreements when the ex-employee (or ex-independent contractor) operates a business on their own in competition with their ex-employer.
John Jay further argues that an issue of material fact remains as to whether Preskitt was an employee or independent contractor. Moreover, John Jay asserts that Preskitt created the issue of fact by describing herself as an independent contractor in her deposition, and later as an employee in her opposition memorandum.
After a thorough review of the record, we do not find that material questions of fact exist regarding Preskitt's relationship with One 2 One Salon. Preskitt testified in her deposition that she was not the owner of One 2 One Salon, and held no stock in the company. She further explained that she rented a space from the salon for $200.00 per week. In return, she kept 100% of her profits, minus 3% for any credit card charges. The salon kept all profits for any products that Preskitt sold to her customers. Preskitt testified that she was an independent contractor pursuant to an oral contract with the salon and that it was her understanding that she would be issued a 1099 form for income tax purposes. The trial judge stated his opinion on the record that Preskitt was not in violation of the Agreement because she did not start her own business and was not the owner of One 2 One Salon. We believe that the record support's this ruling.

CONCLUSION:
Considering the record before us, and applying a strict interpretation of La. R.S. 23:921 as required by our jurisprudence, we find no error in the trial court's granting of the Motion for Summary Judgment in favor of Preskitt. Accordingly, the judgment is affirmed.
AFFIRMED.