926 So.2d 16 (2006)
Donald DOMINIO
v.
THE FOLGER COFFEE COMPANY, XYZ Insurance Company, ABC Individually, and DEF.
No. 2005-CA-0357.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 2006.
*17 Keith Couture, Mandeville, Frank Larre', Gretna, Counsel for Plaintiff/Appellant.
Isaac H. Soileau, Jr., Logan & Soileau, LLC, New Orleans, Counsel for Intervenor/Appellant, T.T.C. Illinois, Inc.
Dominic J. Gianna, Marianne Garvey, Alan Dean Weinberger, Middleberg Riddle & Gianna, New Orleans, Jonathan C. Augustine, Middleberg Riddle & Gianna, Baton Rouge, Counsel for Defendant/Appellee, The Folger Coffee Company.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY).
JAMES F. MCKAY III, Judge.
On June 17, 1993, Donald Dominio was injured at the Folger Coffee Company's warehouse when a forklift driven by a Folger employee suddenly backed up and Mr. Dominio tripped while he was getting out of its way. At the time of the accident, Mr. Dominio was employed as a truck driver by T.T.C., Inc., who had loaned him to Arcadian Motor Carriers, Inc. and he was engaged in the process of loading and transporting coffee.
Mr. Dominio brought suit in tort against Folger. T.T.C. intervened in the suit, seeking to recover the worker's compensation benefits it paid to or on behalf of Mr. Dominio. Pursuant to a scheduling order signed by all parties, trial in this matter was set for November 8, 2004.
On September 13, 2004, Folger filed a motion for summary judgment contending that Mr. Dominio was its statutory employee. The trial court set the rule to show cause for a contradictory hearing on October 8, 2004. However, none of the parties received notice of this date. The hearing was reset for October 29, 2004. On October 28, 2004, both Mr. Dominio and T.T.C. filed motions to continue on the grounds that the motion for summary judgment was neither set nor served within the requirements found in the Code of Civil Procedure. On October 29, 2004, the district court reset the hearing on Folger's motion for summary judgment for November 5, 2004. With leave of court, both the plaintiff and the intervenor filed their oppositions to Folger's motion for summary judgment and the intervenor further filed a motion to strike affidavits with incorporated memorandum and additional objections to hearing as a result of the hearing being set less than the procedurally required fifteen days. The trial court heard the matter on November 5, 2004 and granted Folger's motion for summary judgment on November 12, 2004. It is from this judgment that Mr. Dominio and T.T.C. now appeal.
The appellants raise the following assignments of error: 1) the district court erred in granting the Folger Coffee Company's motion for summary judgment and *18 in finding that the Folger Coffee Company is the statutory employer of Mr. Dominio because the facts used by the district court to arrive at its conclusions do not support the totality of circumstances analysis articulated by Kirkland v. Riverwood International USA, Inc., 95-1830 (La.9/13/96), 681 So.2d 329; 2) the district court erred in finding that Mr. Dominio's work as a truck driver was non-specialized and thus part of the Folger Coffee Company's business operations; 3) the district court erred in denying T.T.C.'s and Mr. Dominio's motions to strike affidavits and/or portions of affidavits and exhibits supporting Folger's motion for summary judgment and thus basing, in part, its granting of Folger's motion for summary judgment on improper affidavits or exhibits or parts thereof that are neither credible nor competent and, as a matter of law, cannot support a motion for summary judgment pursuant to La. C.C.P. Art. 967; 4) the district court erred in hearing a motion for summary judgment, which is a summary proceeding, not properly set within the appropriate time period pursuant to La. C.C.P. Art. 966 nor properly served on appellants herein pursuant to La. C.C.P. Arts. 2594, 966 and 1314; and 5) the district court erred in issuing a judgment on a motion for summary judgment seventy-two hours before the start of trial in violation of La. C.C.P. Art. 966(D). Essentially, the issue before this Court is whether summary judgment was properly granted.
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. John Jay Esthetic Salon, Inc. v. Preskitt, XXXX-XXXX (La.App. 4 Cir. 2/23/05), 898 So.2d 538. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
Although there are some procedural difficulties with the time frame with which the trial court heard the motion and granted summary judgment, this is not in and of itself grounds for reversal. See Pierre-Ancar v. Browne-McHardy Clinic, 2000-2409, 2000-2410 (La.App. 4 Cir. 1/16/02), 807 So.2d 344, 349.
There are, however, other serious problems with the trial court's judgment. The trial court mistakenly relied upon the affidavits of Melinda Umbarger and Bart Blackston. Both of these affidavits were not necessarily based on personal knowledge. Both affidavits state that they "are based on information transmitted by persons with personal knowledge at the time of the events described in this affidavit." Louisiana Code of Civil Procedure Article 967 requires that affidavits be made on "personal knowledge." Personal knowledge encompasses only those facts which the affiant saw, heard or perceived with his own senses. Roberts v. Orpheum, 630 So.2d 914 (La.App. 4 Cir.1993).
In Kirkland v. Riverwood Int'l USA, Inc., 95-1830 (La.9/13/96), 681 So.2d *19 329, the Louisiana Supreme Court enumerated eight factors to be considered in determining whether a statutory employment situation exists. They are: (1) the nature of the business of the alleged principal; (2) whether the work was specialized or non-specialized; (3) whether the contract work was routine, customary, ordinary or usual; (4) whether the alleged principal customarily used his own employees to perform the work, or whether he contracted out all or most of such work; (5) whether the alleged principal had the equipment and personnel capable of performing the contract work; (6) whether those in similar businesses normally contract out this type of work or whether they have their own employees perform the work; (7) whether the direct employer of the claimant was an independent business enterprise who insured his own workers and included that cost in the contract; and (8) whether the principal was engaged in the contract work at the time of the incident. Id. at 336-337. Furthermore, the Supreme Court cautioned that this totality of the circumstances inquiry is frequently difficult to accomplish on a motion for summary judgment which requires a showing that there is no genuine issue of material fact that would defeat entitlement to judgment as a matter of law. Id. at 337.
In the instant case, the district court defined Folger's business as the manufacturing, shipping, distribution and sale of coffee. The district court also believed that Mr. Dominio's work was not specialized, although it recognized that he held a commercial driver's license. Mr. Dominio's work was also found to be routine, customary or usual. The district court did note that Folger contracted out all of this work. The district court concluded that no evidence was presented as to whether Folger had equipment and personnel capable of performing the contract work. Nor was any evidence presented concerning whether those in similar businesses normally contract out this type of work or whether they have their own employees perform the work. The district court noted that the direct employer of Mr. Dominio was T.T.C., an independent business enterprise that insured its workers. The district court also determined that Mr. Dominio was engaged in the contract work at the time of the incident.
The district court defined the nature of the defendant's business but did not delve into the nature of T.T.C.'s or Arcadian's businesses. In Oubre v. Union Carbide Corp., 99-63 (La.App. 5 Cir. 12/15/99), 747 So.2d 212, the Fifth Circuit indicates that the nature of the direct employer's business must also be considered. Although the district court concluded that Mr. Dominio's work was routine, customary or usual, no evidence was presented as to whether Folger had personnel capable of performing the work or how similar businesses perform this type of work. Accordingly, this presents us with an unanswered question. The fact that Mr. Dominio possessed a commercial driver's license also creates an issue as to whether his work was specialized. As such, genuine issues of material fact exist in this case. Under the totality of the circumstances inquiry espoused by Kirkland, summary judgment was not appropriate in this case.
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded to the court below.
REVERSED AND REMANDED.