CHARLES R. JONES, Judge.
 

 |/The Appellant, James Chauff, III, appeals the district court’s grant of a motion for summary judgment in favor of the Appellee, Lawrence Schmidt. We reverse and remand.
 

 On March 16, 2006, Mr. Chauff was driving south on Clio Street in a 1992 Toyota pick-up truck in Orleans Parish. As Mr. Chauff approached a stop sign at the intersection of Clio and Baronne Streets, he encountered a sports utility vehicle (SUV) — owned by the Appellee, Mr. Schmidt. Mr. Chauff alleges that Mr. Schmidt’s SUV was parked on Baronne Street, but the front of the SUV was protruding into the intersection of Clio and Baronne Streets. There is no evidence as to where Mr. Schmidt’s vehicle was parked exactly. Mr. Chauff eventually attempted to cross Baronne Street, and was struck by a large beer truck that was operated by defendant Kevin Fuller, who was in the course and scope of his employment with defendant Crescent Crown Distributing, L.L.C. (hereinafter “Crescent”).
 

 The New Orleans Police Department (hereinafter “NOPD”) was called to the scene. According to the NOPD report, the only driver to receive a citation was Mr. |2Chauff for failure to yield. Mr. Schmidt’s vehicle, however, is not listed in the report. There is a note in the police report that Mr. Chauff claimed that his view was obstructed by another vehicle at the intersection of Clio and Baronne Streets.
 

 Mr. Chauff filed suit against Mr. Schmidt, Kevin Fuller, Crescent, and its insurer, Nationwide Agribusiness Insurance Company, on March 15, 2007.
 
 [1]
 
 Thereafter, Mr. Schmidt filed a motion for summary judgment, which the district court granted. Mr. Chauff timely filed his motion for a devolutive appeal.
 

 Mr. Chauff raises one assignment of error on appeal: the district court erred in granting a motion for summary judgment in favor of Mr. Schmidt where the undisputed material facts show that Mr. Schmidt illegally parked his vehicle in an intersection, and where said vehicle alleg
 
 *10
 
 edly blocked Mr. Chauffs view of oncoming traffic.
 

 An appellate courts review of a summary judgment is
 
 de novo. Dominio v. Folger Coffee Co.,
 
 05-0357 (La.App. 4 Cir. 2/15/06), 926 So.2d 16. Furthermore, a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). However, if the mov-ant will not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, faction, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
 
 Id.
 

 The issue before this court is whether the district court erred in determining that a genuine issue of material fact did not exist as to whether Mr. Schmidt’s parking of his vehicle may have been a proximate cause of the intersectional collision between Mr. Chauff and Crescent.
 

 In support of his appeal, Mr. Chauff cites
 
 McFatter v. Sizemore,
 
 361 So.2d 457 (La.App. 4 Cir., 1978). He contends that in
 
 McFatter
 
 our Court recognized that an illegally parked car can be held liable for obstructing a drivers view.
 

 In
 
 McFatter,
 
 which was decided before our state adopted the comparative fault doctrine, the plaintiff cautiously proceeded through an intersection while attempting to see around the defendants illegally parked moving van. We upheld the district courts determination that the owner of an illegally parked moving van was liable to the plaintiff for injuries and damages the plaintiff incurred as a result of the intersectional collision. In
 
 McFatter,
 
 361 So.2d at 457-458, we explained:
 

 A city ordinance prohibited parking within 40 feet of an intersection, and the van driver’s violation of the ordinance and of rules of reasonable driving caused the view of each motorist to be obstructed. This thoughtless and selfish parking was clearly a legal cause of the accident.
 

 ... It would be completely illogical to hold that the van operator had a duty imposed by statute and reason to refrain from parking in a position that creates a risk of danger to motorists entering the intersection and then to hold that the van operator is not liable for an accident resulting from that exact risk when a motorist, proceeding cautiously into the intersection, is injured because of the obstruction of lookout created by the van operator’s breach of duty.
 

 14Additionally, fault in a vehicular collision case is determined by judging the conduct of each motorist under the facts and circumstances of each particular case.
 
 See
 
 CJS Motor Vehicles § 673, Generally 2008, “Liability of Person in Charge of Standing Vehicle; 8 Am.Jur.2d Automobiles § 894.
 
 [2]
 
 
 *11
 
 The owner of the stopped or parked car may be held responsible for a collision occurring between other vehicles upon the highway.
 
 Id.
 

 There is no evidence as to whether Mr. Schmidt was illegally parked. Mr. Schmidt has not been deposed and does not aver that he was not illegally parked. Furthermore, Mr. Schmidt contends that
 
 McFatter
 
 is distinguishable from the instant case because it was uncontested in
 
 McFatter
 
 that the defendant/driver in the case was illegally parked within two to five feet of the intersection whereas there is no evidence that Mr. Schmidts SUV was illegally parked.
 

 The record shows that the parties have engaged in discovery; however, the only person who has been deposed is Mr. Chauff. When deposed, Mr. Chauff testified that Mr. Schmidt’s vehicle extended into the intersection of Clio and Baronne Streets such that he was unable to see oncoming vehicles. He further testified that there were vehicles parked behind Mr. Schmidt’s vehicle. Attached lsto the deposition is a drawing reflecting Mr. Chauffs recollection of the intersection at the time of the accident. Mr. Chauff testified that he stopped at the stop sign at the intersection and proceeded to stop two additional times while attempting to cross the intersection of Clio and Baronne Streets. He testified that he was taken to a hospital by ambulance from the scene of the accident. Lastly, he further testified that while at the hospital he spoke with the investigating NOPD officer for the first time, and received his citation for failure to yield. There are no pictures of the actual accident in the record.
 

 A reading of the transcript of the February 15, 2008 summary judgment hearing shows that the district court reasoned that there were alternative actions Mr. Chauff could have taken to avoid this incident (i.e. backing his car up to get a clear view). The district court further discussed that Mr. Chauff had a heightened duty to proceed through the intersection because his view was obstructed. When Mr. Chauffs counsel pointed out that there was no way for Mr. Chauff to see what was coming, the district court opined that “[h]e should have backed up.”
 

 We note that the district court’s appreciation that there were alternative ways for Mr. Chauff to handle the obstruction of his view, does not address the possibility that there was an obstruction in the first place. Comparative fault is utilized to address situations such as this where an injured party could/should have exercised more care. Mr. Chauffs testimony indicates that he did proceed through the intersection with caution. Nevertheless, his possible failure to proceed with caution is distinct from an analysis of whether the position of Mr. Schmidt’s vehicle was a cause of this accident.
 

 | r,Moreover, if Mr. Chauffs version of events is accurate, then the investigating NOPD officer had already left the scene of the accident prior to learning Mr. Chauffs account of the incident. Thus, there is an issue as to whether the parking position of
 
 *12
 
 Mr. Schmidt’s SUV went undetected because Mr. Chauff was unable to convey his account of events at the actual scene of the accident. It is premature at this point to grant summary judgment in favor of Mr. Schmidt when he may have placed Mr. Chauff in a position where he had to employ a heightened level of caution in the first place.
 

 The district court erred as a matter of law in holding that a parked car cannot be the cause of an intersectional collision. We find that there is a genuine issue of material fact as to whether the manner in which Mr. Schmidt parked his SUV was a cause of this accident. Thus, we reverse the district court judgment granting a motion for partial summary judgment and remand this matter to the district court.
 

 DECREE
 

 For the foregoing reasons, the judgment of the district court is reversed and this matter is remanded to the district court.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Crescent filed a reconventional demand against Mr. Chauff. The record indicates that Crescent may have also filed a cross claim against Mr. Schmidt. The record does not show that a petition for a cross claim was filed, but there is an answer filed by Mr. Schmidt to Crescent's reconventional demand. Crescent settled its claim with Mr. Chauff, and reserved it right to proceed against Mr. Schmidt.
 

 [2]
 

 . 8 Am.Jur.2d Automobiles § 894, "Proximate Cause” states:
 

 A parking driver will be held liable for negligence in the parking of a vehicle in the traveled portion of a roadway, in contravention of statute, where the parked vehicle is the cause in fact of the injuries sustained.
 

 Notwithstanding negligence in parking or standing a motor vehicle on the paved or traveled portion of a highway, the owner or operator of the vehicle is not liable for
 
 *11
 
 damages resulting from a collision with another vehicle, if such negligence was not a proximate cause of the accident, and recovery of the other motorist may be barred or diminished if he or she has also been guilty of negligence proximately contributing to the accident. Proximate cause will not be inferred as a matter of law from the violation of a statute prohibiting the stopping or parking of a motor vehicle on the main-traveled portion of the highway. On the other hand, one who violates such a statute is not relieved from liability for injuries proximately caused thereby even though the negligence of a third person — that is, a person other than the plaintiff — may have concurred in proximately causing the injury for which the suit is brought.