JONES, Judge.
liThe Appellant, Roger Phipps, seeks review of the district court’s judgment granting a motion for summary judgment in favor of the Appellees, Cynthia Schupp and Roland Nelson Cutrer, Jr. (hereinafter the “Neighbors”). We affirm.
The material facts in this case are not in dispute. At one time 541 and 543 Exposition Boulevard in Orleans Parish comprised a “Lot F” and were owned by one person, Richard Katz (hereinafter the “common owner”). Lot F was bounded by Exposition Boulevard/Audubon Park to the West, Patton Street to the North, and other residential properties to the South and East. In 1978, the common owner had Lot F subdivided into two lots: 541 and 543 Exposition Blvd. The address of 543 Exposition Boulevard is located in the northernmost section of the former Lot F and is located directly adjacent to Patton Street. The common owner then sold 541 Exposition Boulevard, which became landlocked as a result of said sale, having no direct access to a usable public street other than through 543 Exposition Boulevard.[1] It is uncontested that a driveway— created by the common owner — |extendeda *40 from a garage located on 541 Exposition Boulevard, through 543 Exposition Boulevard, to Patton Street.
In 1978, the common owner appears to have sold 541 Exposition Boulevard to First Homestead and Savings Association, which in turn sold the same property to Michael Botnick. In June of 1982, Mr. Botnick sold 541 Exposition Boulevard to Mr. Phipps and his wife, Evanthea Parker Phipps. Mr. Phipps, the Appellant/Plaintiff, has resided there with his family for over 24 years. He alleges that throughout that time he has possessed, exercised and used a right of passage (a driveway) from his home through the backyard of an adjacent property, 543 Exposition Boulevard, to the nearest Street, Patton Street. Mr. Phipps avers that he uses the contested right of way to access the rear of his home and his garage by both driving a car and walking from Patton Street.
This alleged right of passage would constitute an apparent (visible) predial servitude that cuts across the adjacent and would-be servient estate: 543 Exposition Boulevard. Currently, 543 Exposition Boulevard is owned by the Neighbors, who contend that Mr. Phipps used their driveway for walking purposes only (i.e. to walk to the rear of his home).
On June 13, 2006, the Neighbors began erecting a fence across the alleged right of passage; thus, preventing Mr. Phipps from accessing Patton Street. Consequently, Mr. Phipps filed a possessory action seeking to:
1.) have his alleged right of passage over the Appellees property recognized and restored;
2.) have an order demanding Appellees to remove a carport enclosure located on the Appellees property that blocks the alleged right of passage; and
|a3.) an order demanding that the Appel-lees remove the fence located on their property that blocks the alleged right of passage.
The Appellees filed an exception of no cause of action, which was denied by the district court. The Appellees then filed a motion for summary judgment, which was ultimately granted by the district court. This timely appeal followed.
Mr. Phipps raises two (2) assignments of error on appeal:
1.) The district court erred in granting summary judgment which dismissed the possessory action:
a.) by ignoring disputed material facts and failing to construe the facts in the light most favorable to the non-mov-ant (Mr. Phipps). Mr. Phipps alleges that the district court accepted the Appellees argument that the driveway extending from Patton Street to the landlocked estate, 541 Exposition Boulevard, was not an exterior sign evidencing the common owner’s intent to create a servitude;
b.) by ignoring material disputed facts by accepting the Appellees arguments that in 1978 when both 541 and 543 Exposition Boulevard comprised Lot F, and said lot was later divided into Lot F-l (541 Exposition Boulevard) and Lot F-2 (543 Exposition Blvd.), that 541 Exposition Boulevard was sold without an express written disavowal of an apparent servitude being made, and this omission was not evidence of the common owner’s intent to create an apparent servitude;
c.) and, by accepting the defendants’ arguments that, with respect to a visible concrete driveway, intent to create a servitude by destination of the owner required some “note” at the time of the 1978 sale that expressed such in *41 tent despite the law contained within La. CCP art. 741.
2.) The district court committed a legal error by striking certain paragraphs of an affidavit submitted in support of his opposition to summary judgment.
| ¿Appellate court review of a summary judgment is de novo. Dominio v. Folger Coffee Co., 2005-0357 (La.App. 4 Cir. 2/15/06), 926 So.2d 16. Furthermore, a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). However, if the mov-ant will not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
A predial servitude is either apparent or nonapparent. La.Civ.Code art. 707. An apparent servitude is one which is “perceivable by exterior signs, works, or constructions, such as a roadway, a window in a common wall, or an aqueduct.” Id. Nonapparent servitudes have “no exterior signs of their existence; such as the prohibition of building on an estate or of building above a particular height.” Id. Apparent servitudes are acquired by “title, destination of the owner, or by acquisitive prescription.” La.Civ.Code art. 740. Nonapparent servitudes can only be acquired by title, “including a declaration of destination under Article 741.” La. C.C. art. 739. Destination of the owner is described in La. C.C. art. 741:
Destination of the owner is a relationship established between two estates owned by the same owner that |swould be a predial servitude if the estates belonged to different owners.
When the two estates cease to belong to the same owner, unless there is express provision to the contrary, an apparent servitude comes into existence of right and a nonapparent servitude comes into existence if the owner has previously filed for registry in the conveyance records of the parish in which the immovable is located a formal declaration establishing the destination.
A servitude that is created by destination of the owner is based “on the idea that when the owner of two estates transfers one of them to another person, there is a tacit agreement between the parties that the existing relationship between the estates will be maintained.” 730 Bienville Partners, Ltd. v. First Nat. Bank of Commerce, (La.App. 4 Cir.1992) 596 So.2d 836 (citing A.N. Yiannopoulos, Creation of Servitudes By Prescription and Destination of the Owner, 43 La. L.Rev. 56, 74 (1982)) (emphasis added). Thus, the common owner must intend to create an apparent servitude and such intent must be evidenced by exterior signs which are consistent with the nature and extent of the servitude claimed. Id. Any doubt concerning the “existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate.” Id. (citing La.C.C. art. 730). Lastly, although summary judgment is seldom appropriate for determining subjective facts of motive, intent, good faith, knowledge, or malice, it may be granted on such issues when there is no issue of mate *42 rial fact concerning the pertinent intent. Jones v. Estate of Santiago, 2003-1424, p. 6 (La.4/14/04), 870 So.2d 1002, 1006.
In the case sub judice, Mr. Phipps is solely arguing that an apparent predial servitude came into existence by destination of owner. Mr. Phipps initial complaint under his first assignment of error is that the district court committed legal error by ignoring disputed material facts and failing to construe the facts in the light most favorable to the non-movant, himself. He specifically avers that the | ^district court accepted the Neighbors’ argument that the driveway extending from Patton Street to the landlocked estate, 541 Exposition Boulevard, was not an exterior sign evidencing the common owner’s intent to create a servitude.
In 730 Bienville Partners, Ltd. v. First Nat. Bank of Commerce, (La.App. 4 Cir.1992) 596 So.2d 836, our court addressed the issue of a predial servitude allegedly created by destination of owner. In 730 Bienville, the St. Louis Hotel was located adjacent to a Lot K, which adjoined a parking garage. The St. Louis Hotel faced Bienville Street and the parking garage faced Iberville Street, with Lot K being landlocked between the hotel and the parking garage. At one time all three properties were owned by Royal Bienville Investors and Royal Saint Charles, Ltd.
Eventually, the hotel and Lot K ended up being owned separately from the garage. The St. Louis Hotel entered into an agreement with the owners of the garage to allow hotel patrons to park their cars in the garage. Eventually, however, the St. Louis Hotel terminated its parking contract with the garage (“Old Garage”) and entered into a new agreement with a different parking garage that was also located on Iberville Street. The hotel patrons, however, continued driving their cars through Lot K and the Old Garage until the operators/owners of the Old Garage erected a metal blockade between Lot K and the Old Garage. The New Orleans Fire Department ordered that the metal blockade be removed because it violated the fire code.
The St. Louis Hotel filed a petition to enjoin the closure of the doorway maintaining that an apparent servitude of passage existed in favor of the hotel and Lot K through the Old Garage. The hotel further maintained that said servitude arose by destination of the owner. The district court denied the request for an injunction finding that a servitude did not exist.
|70n the appeal taken by owners of the St. Louis Hotel, our court held:
[ajppellants failed to prove that the former common owners of the property, Royal Bienville Investors and Royal Saint Charles, Ltd., intended to establish a servitude of passage through the Garage to and from Iberville Street. Historical use of the door and interior signs and works show that pedestrian traffic from the Garage via the door was conditioned on the Hotel parking cars in the Garage. There is no evidence to support the appellants’ contention that the Garage was intended as a path for persons to enter or leave the Hotel via Iberville Street.
Id. at 840.
In the instant case, the district court explained as follows in its Judgment and Reasons Therefor:
[tjhere are only three ways to create a predial servitude: 1) by title, 2) by destination of owner, and 3) by acquisitive prescription. The parties agree that there is not predial servitude by title or acquisitive prescription. Plaintiff maintains that one exists by destination of owner. However, in the 730 Bienville *43 Partners LTD. v. First Nat. Bank of Commerce, 596 So.2d 836 decision, the Fourth Circuit said:
... the common owner must intend to create an apparent servitude and such intent must be evidenced by exterior signs which are consistent with the nature and extent of the servitude claimed. Any doubt concerning the “existence, extent, or manner or exercise of a predial servitude shall be resolved in favor of the servient estate”.
Plaintiff has been unable to demonstrate “intent by exterior signs”. The mere existence and use of the concrete driveway does not constitute a predial servitude, [emphasis added].
As evidenced by our reasoning in 730 Bienville Partners LTD, supra, historical use of a particular pathway cannot serve as proof of intent. Additionally, there must be “exterior signs” demonstrating the nature and extent of the servitude Isdaimed. Proof of the common owners intent to create a servitude goes beyond the existence of the contested pathway/route itself, but must be proven by other exterior signs as we rationalized in 730 Bienville Partners LTD, supra. Mr. Phipps assertion that there has been a historical use of the subject driveway by he and his family is insufficient to carry his burden of proof. Furthermore, the existence of the driveway itself is insufficient proof of the common owners intent to create a servitude.
This argument is without merit. Furthermore, the resolution of this issue is dispositive of Mr. Phipps entire case because his inability to prove that exterior signs existed evidencing a predial servitude means that he cannot carry the requisite burden of proof. Thus, having already determined that a genuine issue of material fact does not exist with regard to the existence of a predial servitude by destination of owner, we pretermit discussion of Mr. Phipps’ remaining assignment of error.

DECREE

For the foregoing reasons, the judgment of the district court granting summary judgment in favor of Cynthia Schupp and Roland Nelson Cutrer, Jr., is affirmed.
AFFIRMED.
ARMSTRONG, C.J., concurs.

. Landlocked is defined by Black's Law Dictionary as being "surrounded by land, with no way to get in or out except by crossing the land of another.” Bryan A. Garner, Black’s Law Dictionary (8th ed.2004). Another applicable term for 541 Exposition Blvd. is to describe it as an enclosed estate, as there is no access to a public road on the property, but Mr. Phipps can enter and leave from his property by foot through Exposition Blvd./Audubon Park. See LSA-C.C. Art. 689.