CHARLES R. JONES, Judge.
_jjThe Appellant, Dr. Anthony Ferguson, seeks review of the judgment of the district court granting the motion for summary judgment of the Appellee, Charles Feist, on the issue of liability. Finding that the district court did not err in determining that there was no genuine issue of material fact, we affirm the judgment of the district court.
In December 2001, Dr. Ferguson performed a bunionectomy with base wedge osteotomy, 2.7 cortical screw fixation and arthroplasty, on the right foot of Mr. Feist. After the surgery was performed, Mr. Feist developed peripheral vascular disease and was unable to have any further surgeries performed. Subsequently, he lodged a complaint with the State and a medical review panel was empanelled. After the panel dissolved[1], Mr. Feist filed suit against Dr. Ferguson alleging a lack of informed consent, and that Dr. Fergu *839 son committed medical malpractice because he failed to obtain a pre-operative weight-bearing 12surgical x-ray and failed to develop an appropriate surgical plan to treat Mr. Feist.
In 2009, after the matter was set for trial, Mr. Feist filed a motion for summary judgment on the issue of liability. Thereafter, Dr. Ferguson retained an expert, Dr. Denardo Dunham, who was subsequently scheduled to be deposed by Mr. Feist. The hearing on the motion for summary judgment was continued after Dr. Ferguson retained Dr. Denardo Dunham as an expert. Thereafter, a motion to compel and a motion for sanctions were filed by Mr. Feist, which were respectively granted and denied by the district court.[2] The hearing on the motion for summary judgment of Mr. Feist was heard in January 2011, and was granted by the district court. This timely appeal followed.
Dr. Ferguson raises two (2) issues on appeal:
1. The district court committed error in finding there was no material issue of fact in a case where two equally qualified experts had differing views on whether Dr. Ferguson breached the applicable standard of care.
2. The district court committed error in finding there was insufficient evidence to refute the allegation that Dr. Ferguson breached the applicable standard of care.
Appellate court review of a summary judgment is de novo. Dominio v. Folger Coffee Co., 2005-0357, p. 3 (La.App. 4 Cir. 2/15/06), 926 So.2d 16, 18. Furthermore, a motion for summary judgment will be granted if the pleadings, depositions, answers to | (¡interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). However, if the mov-ant will not bear the burden of proof at trial, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. Id.
While Dr. Ferguson raises two issues on appeal, we find that the issues raised are connected and will address them jointly. Dr. Ferguson argues on appeal that the district court erred in finding there was no material issue of fact in a case where two equally qualified experts had differing views on whether Dr. Ferguson breached the applicable standard of care, and that the district court erred in finding there was insufficient evidence to refute the allegation that Dr. Ferguson breached the applicable standard of care. At the hearing on the motion for summary judgment, the district court determined that there was “insufficient evidence to refute the allegation that Dr. Ferguson breached the standard of care.” We agree.
Mr. Feist retained a podiatrist, Dr. Randall Beckman, to establish that Dr. Ferguson breached the standard of care and that the breach |4caused Mr. Feist’s *840 injuries, and he submitted his affidavit in support of his motion for summary judgment. In his opposition, Dr. Ferguson presented podiatrist Dr. Denardo Dunham, who opined in his affidavit that he (Dr. Ferguson) did not deviate from the standard of care.
The crux of Dr. Ferguson’s argument on appeal is that with competing expert witnesses testifying in opposing viewpoints, a genuine issue of material fact had to exist. He further argues that any credibility determination regarding the methodology, scientific training, experience, or character in light of the criminal charges[3] (if admitted into evidence at trial) pending against Dr. Dunham, are all factors for the trier of fact to consider in determining which expert to believe. However, these are not proper considerations on summary judgment pursuant to our jurisprudence. Dr. Ferguson argues that our Court held that “[f]irst, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor.” Hendrickson v. Guillory, 08-0930, p. 3 (La.App. 4 Cir. 5/18/09), 15 So.3d 256, 258.
The district court, however, held that there was insufficient evidence presented to refute the allegations of Mr. Feist. The determination made by the district court was not one of credibility, but sufficiency. In our de novo review of the competing affidavits, the affidavit of Dr. Dunham does appear to be conclusory. In his affidavit, Dr. Dunham states that he has personal knowledge of the facts and | ¿opinions contained within the instant case. He further states he has performed the procedure that was performed by Dr. Ferguson on Mr. Feist: bunionectomy with base wedge osteotomy, 2.7 cortical screw fixation and arthroplasty. However, he goes on to say that he reviewed the medical records at issue and concludes that there was no breach of the applicable standard of care by Dr. Ferguson. Dr. Dunham never discloses how he reached the conclusion that malpractice was not committed or how Dr. Ferguson did meet the requisite standard of care. The starkness of the affidavit of Dr. Dunham evidences how substantively deficient it is.
Additionally, the failure of Dr. Dunham to state how he reached his conclusions is especially detrimental to the opposition presented by Dr. Ferguson because Mr. Feist supported his motion for summary judgment with an expert who did explain and set forth the facts of why he opined that Dr. Ferguson deviated from the standard of care. Dr. Beckham determined that Dr. Ferguson committed malpractice because he did not perform weight bearing x-rays prior to performing surgery on Mr. Feist. Dr. Beckham further explained that the failure of a podiatrist to conduct such an x-ray prior to performing a bunionectomy with base wedge osteotomy, 2.7 cortical screw fixation and arthroplasty, second, right foot “prevents the surgeon from adequately and throughly [sic] planning the surgical procedure” and “prevents the surgeon from determining the exact bone structure and physiology of the foot at issue.” Thus, in the instant matter, we are not presented with two affidavits of the same caliber, which could possibly create a | (¡genuine issue of material fact as to whether Dr. Ferguson deviated from the standard of care when he did not perform a pre-opera- *841 tive x-ray of the foot of Mr. Feist. Affidavits of experts which present only conclusions are insufficient to defeat summary judgment. See Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 11 (La.2/29/00), 755 So.2d 226, 233; see also Bertrand v. Air Logistics, Inc., 2001-1655, p. 7 (La.App. 3 Cir. 6/19/02), 820 So.2d 1228, 1234. Thus, we find the affidavit of Dr. Dunham is insufficient. Additionally, we note that the affidavit of Dr. Dunham is neither dated by himself nor the notary. This error as to form further detracts from our consideration of the affidavit.
In the matter sub jtidice, Dr. Ferguson cannot create a genuine issue of material fact when his expert failed to explain how Dr. Ferguson complied with the standard of care when he performed the surgery at issue. Thus, we find that the issues raised by Dr. Ferguson are without merit.
DECREE
For the forgoing reasons, the judgment of the district court is affirmed.
AFFIRMED
BELSOME, J., concurs with reasons.

. It is not clear from the record as to what conclusion the medical review panel reached.

. The details of the motion to compel and motion for sanctions are not germane to our review of the instant appeal.

. At the time the motion for summary judgment was to be heard in 2011, there were criminal charges pending against Dr. Dun-ham in Orleans Parish Criminal District Court.